ELLEN F. MOLLOY v. J. W. CLAPP, Trustee, et al.

MARRIED WOMEN.  *Power to mortgage their separate estate.  When.*  The act of 1869–70, T. & S. Code, ssc. 2486, a. b. c., gives the *feme covert* the power to mortgage her separate estate for the security of her husband's debts, when the instrument under which she holds the estate is silent as to the power of disposition.

FROM SHELBY.

Appeal from the Second Chancery Court of Shelby county.   S. P. WALKER, Ch.

ESTES & ELLETT for complainant.

CLAPP & MEUX for defendants.

McFARLAND, J., delivered the opinion of the court.

On the 5th January, 1859, D. B. Molloy, the husband of the complainant, conveyed to her certain real estate in the city of Memphis, to hold to her sole and separate use, free from the claims or liabilities of her said husband—the deed being silent as to the power of disposition.

On the 30th of September, 1871, said Molloy and the complainant join in the execution of a deed conveying the same property to J. W. Clapp, trustee, to secure certain debts of the said D. B. Molloy, the husband.   The deed being executed and acknowledged before the clerk of the county court, as the law requires in the case of married women.

Molloy *v.* Clapp.

The trustee was proceeding to advertise and sell the property in accordance with the trust, when the complainant filed the present bill, praying for an injunction and the removal of the cloud upon her title. The relief is predicated alone upon the want of power in the complainant to make the deed of trust. The case turns upon the construction of the act of 1869–70, ch. 99, Thompson & Steger's Statutes, sec. 2486, a. b. c., and the question whether the act applies to the present case.

The latest decisions of this court, having settled that where the deed of conveyance creating the separate estate is silent as to the power of disposition, the wife cannot convey, although the husband join in the deed. *Gray* v. *Robb*, 4 Heis., 74. It remains to see whether the power of disposition is given by the act referred to. The act is as follows:

Section 1. "Married women over the age of twenty-one years, owning the fee or other legal or equitable interest or estate in real estate, shall have the same power of disposition by will, deed or otherwise, as are possessed by *femes sole* or unmarried women."

Sec. 2. "The power of said married woman to sell, convey, charge or mortgage their real estate, shall not depend upon the concurrence of the husband, *provided* her privy examination to any deed, mortgage, or other conveyance shall take place before a Chancellor or Circuit Judge of this State or Clerk of the County Court."

Sec. 5. "*Femes covert* or married women owning a separate estate settled upon them for their separate

use, shall have the same power of disposition by deed, will or otherwise, as are given by the first and second sections of this act, *provided* the power of disposition is not expressly withheld in the deed or will under which they hold the property."

The first two sections relate to real estate owned by a married woman, other than separate estate, and as to this the important change is made which gives to her, if twenty-one years of age, the same powers of disposition by will, deed, or *otherwise*, as are possessed by a *feme sole,* provided her privy examination is taken in the manner specified. The third section gives the same power to *femes covert* as to their separate estate, provided the power of disposition is not expressly withheld in the deed or will under which they hold the property.

It is argued upon certain language used by this court in some of the cases, that silence in the deed as to the power of disposition is equivalent to expressly withholding the power, as the omission to grant the power is equivalent to saying that it shall not be exercised; but it is manifest that the proviso to the above statute means that the power of disposition must in terms and in language be withheld, either by expressly denying the power, or by specifying the mode of disposition which may be used to express the intention that it shall not be conveyed in other modes, (*Lightfoot* v. *Barr,* 2 Tennessee Ch. Rep.) in order to take the case out of the operation of the act, otherwise the act would be nugatory. For if the power of disposition be in terms withheld, it is clear the act

by its terms does not apply; if a deed or will creating the estate, silent as to the power of disposition, is to stand upon the same ground, then the act could have no effect, for if the deed gives the power of disposition, the act is not needed.

The language of the act leaves no room for doubt as to its extent and scope in all cases to which it applies. By the first, and second sections, married women shall have the same power of disposition of their real estate by will, deed or otherwise, possessed by *femes sole,* and their power to sell, convey, charge or mortgage shall not depend upon the concurrence of the husband. And by third section *femes covert* owning a separate estate, are to have the same power of disposition, provided it is not expressly withheld in the conveyance under which they hold. So it is beyond doubt, that a married woman may dispose of her real estate whether it is her separate property or not, by will, deed, or *otherwise,* without the concurrence of her husband in the manner stated, provided that in the case of separate estate the power be not expressly withheld in the title under which she holds; and so this court held at the June term, 1875, at Knoxville, that a husband and wife may make a valid mortgage of the wife's separate property to secure a debt of the husband, where no mode of disposition was prescribed in the instrument under which the wife holds. *Hodges* v. *Williams,* MS.

The statute gives the power to the wife to convey alone in the mode prescribed, but it is manifest, that if she can convey alone, the unnecessary joining of her

husband does not vitiate her deed, as was held at the present term in a case where the conveyance was under a similar power given by the decree settling the property upon the married woman. *Myers* v. *James,* MS.

But the argument principally relied upon is, that the act in question shall not have a retrospective operation; or, in other words, that it shall not apply to separate estates owned by married women at the time the act was passed, but only to such as were acquired afterwards. The argument is not so much that the act is unconstitutional as being retrospective, and impairing the obligation of the contracts in respect to estates then existing, as that the law ought not to be construed as being intended to apply to such cases. The language of the act is certainly broad enough to cover both classes of cases; "it is *femes covert* owning real estate," etc., or "owning separate estates settled upon them," etc., and no good reason can be perceived why it should be limited to estates since acquired, unless a contrary construction in fact tends to impair the obligation of the contract.

This leads us to inquire upon what ground was it previously held that a married woman could not (her husband joining) convey her separate estate where the instrument under which she held was silent as to the power of disposition? It was settled in a series of cases in the State, beginning with *Morgan* v. *Elam,* 4 Yer., that where the mode of disposition was pointed out in the instrument creating the estate, or the power withheld altogether, either in terms or by clear inten-

tion to be gathered from the purpose of the settlement, that there could be no conveyance, except where the mode was pointed out, and then only in that mode.

Whether, however, where the instrument was silent as to the power of disposition, and expressed no intention as to the purpose, except to exclude the marital rights of the husband, the wife might by deed jointly with her husband convey the property as she could convey other lands, was not decided until the case of *Young* v. *Young*, 7 Col., where it was held upon a review of authorities, that they might so convey, and this is said to be in accordance with the great weight of American and English authorities. In *Gray* v. *Robb*, 4 Heis., the present court, without reference to the case of *Young* v. *Young*, (which was probably not then published), held differently, Judge Nicholson saying simply that "upon the well-settled doctrine in our State, a married woman has no other power to convey or dispose of her separate estate than that given to her by the instrument which conveys to her the separate estate." See also *Head* v. *Temple*, 4 Heis., 34, where, however, a mode of disposition was pointed out.

From this it will be seen, that the ground of the decision in *Gray* v. *Robb* is not clear; that is, whether it is put upon the ground that the terms of the contract forbid the power of disposition, or simply that the married woman by reason of her disability has not the power to dispose of an estate so held. If the terms of the contract forbid a disposition, then it might be said that the Legislature could not impair

this contract, but if it be simply a disability of the *feme covert,* this might. be removed and the act would apply as well to an estate owned at the time as to an estate acquired afterwards.

If it be said to rest upon the contract, then an instrument silent as to the power of disposition, and one in terms withholding the power, would stand upon the same ground, as they would both be construed as denying the power. In other words, to hold that the silence of the instrument as to the power of disposition is to be regarded as equivalent to an express contract that the married woman shall not convey, would be to hold that an instrument silent as to the power of disposition and one expressly denying the power, are to stand upon the same ground. This would be an unwarranted construction. Where the instrument is silent in this respect, the grantor makes no stipulation in the contract, except to convey the absolute estate to the married woman and to exclude the husband's marital rights. The result is, that the power of disposition is not withheld by contract, and the act in giving a power does not impair a contract.

The difference between a separate estate of a married woman and any other estate is that as to the separate estate, the marital rights of the husband are excluded.

As to the power of disposition, it would seem that she might convey a separate estate as any other estate, where there is no restriction upon the power; but, as before stated, this court held differently in the case of *Gray* v. *Robb,* 4 Heis., probably upon the ground that

as to this particular character of estate, she was incapacitated to convey by reason of her coverture, although her husband join. If this be the ground, there is no reason why the Legislature may not remove this disability, as has been done by this act. Nor do we see why the act may not apply to estates then in existence. The act first authorizes married women to convey by deed, with privy examination, applied to lands previously owned. *Montgomery* v. *Hobson*, Meigs, 349. See also, 6 Hum., 345; *Matthewson* v. *Spencer*, 3 Sneed, 513, and 4 Sneed, 383; where the act of 1839 was held to validate defective privy examinations of married women where the deed had been registered twenty years, notwithstanding the act applied to examinations previously taken.

We hold that the mortgage in this case was within the power of complainant, and the decree of the Chancellor dismissing the bill will be affirmed with costs.